Filed 11/25/14  P. v. Jackson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESSE CEDRIC JACKSON,<br><br>        Defendant and Appellant. | A141845<br><br>(Napa County<br>  Super. Ct. No. CR168884) |

Jesse Cedric Jackson was charged in an information with the felony offenses of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), possession of ammunition by prohibited person (Pen. Code, § 30305, subd. (a)), and possession of a concealed firearm within a vehicle (Pen. Code, §§ 25400, subd. (a)(1), 25400, subd. (c)(1)).  It was also specially alleged, in pertinent part, that Jackson had suffered a prior conviction for the felony offense of dissuading a witness with force or express or implied threat of force or violence (Pen. Code, § 136.1, subd. (c)(1)), within the meaning of the "Three Strikes" law (Pen. Code, § 667, subds. (b)-(i)).  Jackson pleaded not guilty to the charges and denied the special allegations.

Before changing his plea, Jackson sought to suppress the firearm and ammunition that were the basis for the charges and inculpatory statements he made to the police admitting his possession as an felon of an unloaded gun and ammunition.  After a contested hearing, the trial court denied Jackson's motion to suppress.  The court found that Napa City Police Officer Tom Helfrich was acting within his legal authority as part of a DUI patrol when he stopped the vehicle Jackson was driving within a short

1

proximity of the border of the counties of Napa and Solano; the officer's observations were sufficient to detain and arrest Jackson for driving under the influence; and either the inventory search theory or the probable cause theory supported the search of the vehicle Jackson was driving leading to the discovery of the firearm and ammunition.

At the ensuing change of plea proceeding, Jackson pleaded no contest to the felony offense of felon in possession of a firearm and admitted having sustained a prior strike conviction in violation of Penal Code section 136.1, subdivision (c)(1), for dissuading a witness with force or express or implied threat of force or violence. All other counts and special allegations were dismissed. In his written plea agreement, Jackson indicated that he understood the maximum state prison sentence that could be imposed was 32 months (the lower term of 16 months doubled for the prior strike conviction), but the court would consider both a *Romero* motion (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) to strike his prior strike conviction and a request for probation.

Before sentencing, the probation department submitted a report recommending that the court impose a state prison term based, in pertinent part, on Jackson's criminal record dating back about 24 years since 1990, which included California convictions based on charges of the felony offense of dissuading a witness with force or express or implied threat of force or violence (Pen. Code, § 136.1, subd. (c)(1)), the misdemeanor offense of making criminal threats (Pen. Code, § 422), misdemeanor and felony offenses of infliction of corporal injury on specified persons (Pen. Code, §§ 273.5, 273.5, subd. (a)), and misdemeanor and felony convictions for assault with deadly weapon or instrument other than a firearm (Pen. Code, § 245, subd. (a)(1)). His last conviction occurred in 2008 based on a charge of the felony offense of failing to register under the Sex Offender Registration Act (Pen. Code, §§ 290, 290.013). While Jackson was living in Wisconsin, he sustained convictions based on charges of third degree sexual assault and resisting or obstructing an officer in October 2005, and resisting or obstructing an officer in October 2007. According to law enforcement officers in Wisconsin, in 2008 Jackson was terminated from probation for noncompliance. As of March 2014, Jackson

was not on probation in Wisconsin but he had an active warrant for failing to maintain compliance with that state's sex offender registry, which affected only adjoining states.

At sentencing, the trial court indicated it had read and considered the probation department's report, Jackson's written statement in mitigation and *Romero* motion, and then heard argument from both counsel. The court explained its reasons for denying the *Romero* motion and necessarily finding that Jackson was not eligible for probation. The court commented that Jackson's criminal record "certainly shows a number of violent acts in the '90s. There is a time where there's a bit of a gap, but then we have the third degree sexual assault out of Wisconsin that comes a little bit later. And when I look at the whole picture I can't find that he falls outside the spirit of the Three Strikes law. [¶] In particular, you have that history of violence. . . . [T]he current case is significant to me to the extent that he's in possession of a firearm. . . ." The court imposed the promised prison sentence of 32 months, and awarded credit for time served of 232 days.

Jackson's appellate counsel has filed a brief asking us to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). As required under *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appellate counsel has informed Jackson of his right to file a supplemental brief and he has not filed such a brief. We have independently examined the entire record in accordance with *Wende*, and agree with appellate counsel that there are no issues warranting further briefing. We see no error or abuse of discretion in the trial court's ruling denying Jackson's motion to suppress evidence. We also see no error or abuse of discretion in the trial court's refusal to strike Jackson's prior strike conviction and impose the promised term of imprisonment.

## DISPOSITION

The judgment is affirmed.

_____
Jenkins, J.

3

We concur:

_____

McGuiness, P. J.


_____

Siggins, J.